JOHN S. BANCROFT and others, Appellants, *v.* JOHN V. SHEEHAN and others, Respondents.

*Evidence—what may be given by the plaintiff in rebuttal of a defense raised by the defendant's evidence.*

This action was brought to recover a balance due on an account for caps sold and delivered by the plaintiffs to the defendants. The answer was a general denial. Upon the trial, the plaintiffs having proved the manufacture and shipment of the caps, pursuant to a contract, and rested, the defendants proved that the caps were imperfect, in that the crowns were not properly stitched to them, and came off, thereby rendering them unsalable, and that they had, for that reason, returned them to the plaintiffs. The plaintiffs then offered to disprove the statement made by the defendants as to the alleged defect in the caps; but the evidence was excluded on the

ground that they should have offered the testimony before closing their case.

*Held*, that it was error to exclude the evidence.

That the plaintiffs were justified in resting their case upon proof of the manufacture and delivery of the goods, and were not obliged to prove that particular defects therein, which the defendants might set up as a defense, did not in fact exist. (INGALLS, J., dissenting.)

APPEAL from a judgment in favor of the defendants, entered upon the verdict of a jury.

This action was brought to recover a balance of an account for goods sold and delivered, after crediting thereon a payment of $187.09. The answer alleged that the payment of the $187.09 was in full of all indebtedness, and of all claims and demands whatever, and denied any indebtedness to the plaintiffs.

*A. R. Dyett*, for the appellants.

*William G. Wilson*, for the respondents.

BARRETT, J.:

I am unable to concur in the result at which my brother INGALLS has arrived. There is a question not discussed by him which seems to me to be decisive of this appeal. The complaint simply charges an indebtedness on a balance of account for goods sold and delivered. As to this the answer is substantially a general denial. Upon the trial the plaintiffs proved the manufacture and shipment of the caps, pursuant to the contract, and rested. The defendants were then permitted to prove, although there was no such defense set up in their answer (a fact to which I allude not as objectionable in itself, but as bearing upon the question hereinafter discussed), that the caps were imperfect. The specific defect testified to was that the crowns were not stitched to the caps, and that they fell off to the number of eight dozen or thereabouts. In consequence of this condition of things, the defendants returned the caps and refused to pay for them. Hence this action. When the defendants rested, the plaintiffs offered to disprove the statements made by the defendants' witnesses with respect to the specific defects in the caps, but the testimony was excluded. This,

I think, was error. I notice from certain observations in his charge to the jury that the learned judge placed his exclusion of such testimony upon the ground that the plaintiffs were bound before resting to exhaust their case. This was undoubtedly so. But with great respect, I think the rule was misapplied. The plaintiffs were not bound to forestall the defense. They were quite justified in resting upon proof of the manufacture and delivery of the goods under their contract. It was proper also to show that the goods were made in accordance with the contract. But it was quite time enough when the defendants sought to justify the return of the goods, by proof of specific defects, to rebut such proof by counter evidence on their part. The evidence excluded was rebutting. It is true that the plaintiffs probably knew, from the commission on file, what line of proof the defendants intended to offer. But that did not affect the question as to the proper order of proof. The latter depended upon the pleadings and not upon the extraneous incident of information as to the adversary's hand. The effect of this ruling was, of course, disastrous to the plaintiffs. It entirely excluded their side of the case, and left the jury no alternative but to render a verdict for the defendants upon uncontradicted testimony.

I am, therefore, of opinion that this judgment should be reversed, and a new trial ordered, with costs to abide the event.

DAVIS, P. J. :

I am of the opinion that, under the established practice in trials of this kind, it was not necessary that the plaintiff, in making out his case, should go farther than to show generally the *sale* and *delivery* of the goods. He was not bound to anticipate particular defects and give evidence to show that they did not exist. If that were the rule as to one defect, it would be to all that possibly might be attempted to be shown, and such trials would become interminable by requiring the plaintiff to call numerous witnesses to repel the idea *that any possible defect* that defendant might attempt to prove actually existed. On the contrary, the plaintiff may rest on proof of sale and delivery, and if the defendant gives evidence tending to show specific defects, he may call witness in regard to such alleged

defects, without being subject to the rule enforced by the court in this case.

I concur with my brother BARRETT that the evidence offered should have been received, because it was in rebuttal.

INGALLS, J., dissenting:

This action seems to have been rightly decided so far as the merits are concerned. The facts established a decided preponderance in support of the proposition that the caps which were returned were defective, and not in accordance with the contract. It is insisted by the plaintiffs that as the agreement under which the caps were manufactured was executory, the defendants were bound to return all the caps which were delivered thereunder, before they could be legally excused from the payment of any portion of the price. We do not think this case can be brought within the principle which the appellants invoke in their behalf. The caps were delivered by two consignments; one in January, 1877, and the other in February, of the same year. The first lot were found to be perfect, and in accordance with the contract, and were sold by the defendants to their customers before the receipt and opening of the second package of caps. It therefore became impossible for the defendants to return to the plaintiffs the caps which were first received, and there was no reason for return, as they were entirely satisfactory. All of the defective caps were in the second lot, and were received on February 5, 1877, and were opened on the 10th of the same month, and, being found defective, were returned to the plaintiffs. A few days thereafter, the defendants addressed to the plaintiffs a letter, accompanied by a check for the balance of the account, which the plaintiffs received, and the following are copies of such letter and check:

"ANN HARBOR, Michigan, March 7th, 1877.

"MESSRS. J. S. BANCROFT & Co.:

"*Gentlemen:*—Inclosed please find check to balance account in full to date. Your letter came to hand a few days ago, and contents noted. The goods we returned you were unsalable, and not made according to contract. We would advise you, before you do anything rash, to inspect the goods and save expense.

"Yours very respectfully,     SHEEHAN & CO."

"ANN HARBOR, Michigan, March 7th, 1877.

"$61.06. ANN HARBOR SAVINGS BANK.

"Pay to the order of ourselves ($61.06) sixty-one $\frac{06}{100}$ dollars.

"SHEEHAN & CO."

Indorsed : "Pay to the order of J. S. BANCROFT & Co., in payment of our acct. in full.

"SHEEHAN &·CO.

"J. S. BANCROFT & CO.

"J. W. KNIGHT."

From the evidence, it appears that the plaintiffs received the letter and check, and negotiated the latter, which was paid by the defendants. It is insisted further by the plaintiffs, that the delay in opening and examining the second package of caps was such that the defendants should be held to have accepted them. We think otherwise, under the circumstances of this case. The delay was only five days—from the 5th to the 10th of February—and the first lot being perfect, there was nothing to lead the defendants to apprehend that the last sent would prove otherwise. The defendants gave evidence explaining the delay, and the court submitted the question to the jury to determine whether, in view of all the circumstances, there had been unreasonable delay on the part of the defendants in regard to the opening and examining the caps; and they must necessarily have found that no such delay had been shown. Again, the fact, that the plaintiffs negotiated the check, after notice that a portion of the caps had been returned, and that such check was sent to pay the balance of the amount in full, is more significant against the plaintiffs' case, in our judgment, than the delay of five days by the defendants to open and examine the caps can be regarded as against the defendants' case. The plaintiffs made the following request:

"*Plaintiffs' Counsel :* We would like to ask your honor for permission to give the evidence in regard to the condition of these goods."

Excluded. Testimony closed.

The granting or refusing of this request was discretionary with the court, and furnishes no ground, under the circumstances, for reversing the judgment. (*Hastings* v. *Palmer*, 20 Wend., 226 ; *Ford*

v: *Niles*, 1 Hill, 300 ; *Silverman* v. *Foreman*, 3 E. D. Smith, 322.)
We have examined the exceptions taken by the plaintiffs to the
charge of the judge, and to his ruling, in receiving and excluding
evidence, and discover no error which could have prejudiced the
case of the plaintiffs. We are convinced that substantial justice
has been done in this case, and that no sufficient reason has been
shown by the plaintiffs which requires the court to reverse the
judgment, which should be affirmed with costs.

Judgment reversed, new trial ordered, costs to abide the event.